# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| JANE GABRIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:18-cv-06158-DGK |
| | ) | |
| ANDREW COUNTY, MISSOURI, | ) | |
| and BRYAN ATKINS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION FOR JUDGMENT ON THE PLEADINGS

This case arises from Plaintiff Jane Gabriel's efforts to recover damages allegedly sustained when Defendant Bryan Atkins, sheriff of Defendant Andrew County, Missouri, permitted family members of Plaintiff's deceased husband to access and remain unsupervised at her home, where they removed Plaintiff's possessions. Now before the Court is Defendants' joint motion for judgment on the pleadings (Doc. 8). As set forth below, the motion is GRANTED IN PART and DENIED IN PART.

### Background

Plaintiff's husband, Stephen Gabriel, died in his and Plaintiff's home on July 17, 2014. The two were living apart from each other at the time. Atkins, the sheriff of Andrew County and the Gabriels' family friend, arrived and permitted Mr. Gabriel's relatives to enter the home and remain there unsupervised while he left to notify Plaintiff of her husband's passing. Plaintiff alleges that Mr. Gabriel's family strongly dislikes her, and that when the sheriff approached her, she repeatedly asked if anyone was securing her home. Atkins rebuffed her, saying that he had

known Mr. Gabriel's relatives since childhood. Plaintiff asked Atkins to remove the family from her home and bar their re-entry, but he refused.

Overnight, Mr. Gabriel's family changed the locks on Plaintiff's home and removed more than $38,000 worth of personal property. Plaintiff filed suit against the family in state court. She eventually obtained a judgment of $38,428.74, but at a cost of more than $40,000 in expenses and attorney fees. She initiated the present suit to recover these costs, along with punitive damages and interest, on October 29 of last year. Her complaint asserts eight counts, four against Atkins, individually, and the same four against Andrew County and Atkins in his official capacity as the sheriff of Andrew County:[1] equitable indemnity (Counts I and V), negligence (Counts II and VI), trespass and conversation (Counts III and VII), and 42 U.S.C. § 1983 (Counts IV and VIII).

**Standard**

Courts grant motions for judgment on the pleadings "only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004) (internal citation and quotations omitted). To survive such a motion, the complaint "'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 913 (8th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At this stage, courts "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts" in that party's favor. *Waldron*, 388 F.3d at 593. Courts "generally may not consider materials outside the pleadings" in ruling on a motion for judgment on the same. *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015).

---

[1] Plaintiff states that she accidentally labeled Count VII as against Atkins in his individual capacity, when it should have been against Andrew County and Atkins in his official capacity. The Court treats the claim as if properly labeled for purposes of this order.

2

**Discussion**

Defendants move jointly for judgment in their favor on all counts. They first argue that Plaintiff's state-law claims (Counts I, II, III, V, VI, and VII) are time-barred under Mo. Rev. Stat. § 516.130(1), which requires an aggrieved party to bring suit against a sheriff within three years if the sheriff's liability is based on "the doing of an act in his official capacity and in virtue of his office." Missouri courts interpret this language to mean acts done "'within the scope of what [the sheriff] is employed to do rather than being engaged in a personal frolic.'" *Dilley v. Valentine*, 401 S.W.3d 544, 553 (Mo. Ct. App. 2013) (quoting *Kinder v. Mo. Dep't of Corrections*, 43 S.W.3d 369, 373 (Mo. Ct. App. 2001)). In other words, § 516.130(1) delineates "between an action performed for work purposes rather than for personal ones." *Id.*

Defendants' arguments on this point are unavailing. For one, § 516.130.1 does not apply to Plaintiff's claims against Atkins in his individual capacity. *Nonn v. Curtis*, No. 1:16-cv-273-SNLJ, 2017 WL 5070530, at *2 (E.D. Mo. Nov. 3, 2017) (citing cases). In addition, Plaintiff contends that Atkins, as a close friend of the Gabriels, may have assisted them for solely personal reasons. Defendants disagree. They assert that Atkins was on duty when he responded to an emergency call from one of Mr. Gabriel's family members. But such information is beyond the complaint, so the Court will not consider it in ruling on the pending motion. And even though Plaintiff alleges that Atkins was acting under color of law when he permitted the Gabriels to enter and remain at her home, this does not necessarily mean that he was acting within the scope of his employment. *See Dossett v. First State Bank*, 399 F.3d 940, 949 (8th Cir. 2005) (explaining that "under color of law" includes behavior that oversteps a public officer's authority).

Defendants next urge the Court to dismiss Plaintiff's claims of equitable, or "non-contractual," indemnity (Counts I and V). To prevail on such claims, a plaintiff must show that it

discharged an obligation identical to an obligation owed by the defendant, and that the defendant would be unjustly enriched if not required to reimburse the plaintiff. *Beeler v. Martin*, 306 S.W.3d 108, 111 (Mo. Ct. App. 2010). Plaintiff's complaint, however, alleges merely that Defendants' conduct led to her incurring legal expenses, for which "equity demands" she be recompensed. The complaint sets forth no facts indicating that Defendants owed a coextensive duty to pay Plaintiff's counsel. Nor does it suggest that Plaintiff somehow conferred a benefit upon Defendants by discharging her legal fees. *See id.* at 112 (holding that a claim for equitable indemnity failed because the plaintiffs had not conferred a benefit upon the defendants); *State ex rel. Manchester Ins. & Indem. Co. v. Moss*, 522 S.W.2d 772, 774 (Mo.1975) (describing indemnity as "based on the principle that a benefit has been conferred on defendant at the expense of plaintiff" (internal quotations and citation omitted)). The complaint thus fails to plead the elements of a claim for equitable restitution. Counts I and V are dismissed.

The Court also dismisses Plaintiff's remaining state-law claims against Andrew County and Atkins in his official capacity (Counts VI and VII). Mo. Rev. Stat. § 437.600 affords public entities such as Andrew County sovereign immunity from tort claims, except where immunity has been waived, abrogated, or modified by statute.[2] Plaintiff correctly points out that Missouri has expressly waived public entities' sovereign immunity to the extent that they have purchased liability insurance. Mo. Rev. Stat. § 537.610.1; *State ex rel. Cass Med. Ctr. v. Mason*, 796 S.W.2d 621, 624 (Mo. 1990). But Plaintiff bears the burden of pleading "with specificity facts giving rise to an exception to sovereign immunity when suing a public entity." *Richardson v. City of St. Louis*,

---

[2] Suits against individuals in their official capacities are functionally equivalent to suits against the governmental entities that employ them. *Edwards v. McNeil*, 894 S.W.2d 678, 682 (Mo. Ct. App. 1995); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials, for under [*Monell v. N.Y. City Dept. of Soc. Servs.*, 436 U.S. 658 (1978)], local government units can be sued directly for damages and injunctive or declaratory relief."). Plaintiff's claims against Atkins in his official capacity are therefore also dismissed as redundant.

4

293 S.W.3d 133, 137 (Mo. Ct. App. 2009); *Maune ex rel. Maune v. City of Rolla*, 203 S.W.3d 802, 804 (Mo. Ct. App. 2006) ("It was Plaintiff's burden to establish a sovereign immunity waiver as part and parcel of any pleaded theory against the City."). Since Plaintiff's complaint is silent as to the existence of an applicable liability policy or any other waiver, Counts VI and VII do not state a claim for which relief can be granted.

The Court likewise dismisses Plaintiff's claim for punitive damages under § 1983 against Andrew County and Atkins in his official capacity.[3] In *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 257, 271 (1981), the Supreme Court held that a municipality is immune from punitive damages under § 1983. The Court reasoned that an unpredictable award of punitive damages against a municipality "punishes only the taxpayers." *Id.* at 267. The Court sees no reason why this ruling should not apply to counties as well. Indeed, other courts have so held. *See, e.g.*, *Kelly v. Clay Cty.*, No. 4:12-cv-0778-BP, 2012 WL 12904711, at *1 (W.D. Mo. Nov. 2, 2012); *Harrelson v. Elmore Cty.*, 859 F. Supp. 1465, 1467-68 (M.D. Ala. 1994) (collecting cases). Plaintiff may, however, seek punitive damages from Atkins in his individual capacity. *See Wade v. Smith*, 461 U.S. 30, 56 (1983).

Finally, the Court grants Plaintiff leave to amend her complaint with respect to her § 1983 claims (Counts IV and VIII), as it is presently unclear on what basis she seeks to recover. Both counts allege that Defendants violated Plaintiff's substantive due process rights under the Fourteenth Amendment, but they also mention violations of the Fourth Amendment[4] and the

---

[3] Having dismissed Plaintiff's remaining claims against Andrew County and Atkins in his official capacity, the Court need not determine whether they could be subject to punitive damages under state law. *But see* Mo. Rev. Stat. § 537.610.3 (prohibiting punitive damages for "any claim against a public entity within the scope of sections 537.600 to 537.650"); *Chappell v. City of Springfield*, 423 S.W.2d 810, 813 (Mo. 1968) ("It is the general rule that in the absence of a statute specifically authorizing such recovery, punitive or exemplary damages are not recoverable against a municipal corporation." (citations omitted)).

[4] Defendants contend that, regardless of the claims' framing, Atkins's actions do not rise to the level of a constitutional deprivation. The Court declines to decide this point because Defendants first raise it in their reply brief. *See Johnson*

5

Missouri Constitution. And although Plaintiff appears to plead the elements of a "state-created-danger" claim under the due process clause, *see Fields v. Abbott*, 652 F.3d 886, 891 (8th Cir. 2011), this theory of liability does not apply to deprivations of property interests. *Id.* (requiring a "significant risk of serious, immediate, and proximate harm"); *see also Barber v. Overton*, 496 F.3d 449, 460 (6th Cir. 2007) ("[N]o constitutionally cognizable injury exists in the absence of *physical* harm to tie to the State's action." (emphasis added)); *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 201 (5th Cir. 1994) ("[T]he environment created by the state actors must be dangerous."). Moreover, Plaintiff's § 1983 claim against Andrew County identifies no policy or custom that led to Plaintiff's injuries. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming the dismissal of a § 1983 claim against a county where the plaintiff alleged no facts demonstrating "the existence of a policy or custom" that caused the alleged deprivation). The Court therefore orders Plaintiff to amend her complaint by July 31, 2019, to redress these issues.

**Conclusion**

Defendant's motion (Doc. 8) is GRANTED IN PART and DENIED IN PART. Counts I, V, VI, and VII are dismissed, as is Plaintiff's claim for punitive damages in Count VIII. Count VIII is dismissed, but only as to Atkins in his official capacity as the sheriff of Andrew County. Plaintiff is granted leave to amend her complaint by July 31, 2019.

**IT IS SO ORDERED.**

Date: July 16, 2019                 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

---

*v. Berry*, 171 F. Supp. 2d 985, 988 (E.D. Mo. 2001) ("The Court does not consider an alternative argument raised by defendants for the first time in their reply brief.").