UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JANE GABRIEL,<br><br>               Plaintiff,<br><br>vs.<br><br>ANDREW COUNTY, MISSOURI, and BRYAN ATKINS,<br><br>               Defendants. | Case No. 5:18-cv-06158-DGK |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants, Andrew County, Missouri and Sheriff Bryan Atkins, by and through counsel, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, and respectfully request the Court enter summary judgment on their behalf as there is no genuine issue of material fact and they are entitled to judgment as a matter of law on all counts of Plaintiff's First Amended Complaint (FAC)(Document 27).

### Introduction

Sheriff Brian Atkins and Andrew County, Missouri, are entitled to summary judgment on all of plaintiff Jane Gabriel's claims in this case. Plaintiff's FAC alleges Sheriff Atkins was negligent (Count I), trespassed on her real property and converted her personal property (Count II), and committed an unreasonable search and seizure under the 42 U.S.C. Section 1983 (Counts III and IV). Simply put, Sheriff Atkins and Andrew County committed no torts, violated no rights, and are immune from suit, under state and federal law.

The material facts are undisputed. On July 17, 2014, plaintiff's husband Steven Gabriel died of natural causes in his home. Plaintiff had previously separated from her husband and had moved out of the house to an undisclosed location. Steven Gabriel's concerned coworkers, Dan Dillion and Colonel Andy Halter of the Air National Guard contacted Steven Gabriel's father

Kenneth, when Steven did not show up for work. Kenneth Gabriel and Steven's adult daughters, who had keys to the home, went to the home of Steven Gabriel. Using a key to the home, Kenneth Gabriel, Mr. Dillon and Col. Halter gained access to the home, found Steven Gabriel's body, and reported the death to the Andrew County Sheriff's Department.

Sheriff Atkins responded to the home and report of the death of Steven Gabriel. Steven Gabriel's grieving parents, adult children, and concerned co-workers, who reported the death, were in the home when deputies arrived. Sheriff Atkins and the County Coroner arrived after the family, close friends and deputies had entered the home. The family invited Deputies, Sheriff Atkins and the County Coroner into the home to investigate the death. There was no trespass, unlawful entry or seizure as Steven Gabriel's parents and adult children all had keys to the decedent's house and were already in the home grieving the death of their son and father when the Sheriff arrived. Sheriff Atkins reasonably believed the family had, at the very least, apparent authority to be in the home and consented to his entry. It was apparent the death was by natural causes and there was no suspicion of foul play or criminality involved in Gabriel's death.

Plaintiff, Steven Gabriel's estranged wife, was not living in the home, was not present at the time, and her whereabouts were unknown to the family, children and co-workers. Sheriff Atkins left the family members and co-workers to remain in the home, with instructions to lock up the home when they left. Sheriff Atkins then began the search for plaintiff to notify her of her husband's death. Sheriff Atkins took no property from the plaintiff's home, thus no conversion, or seizure. After finally locating plaintiff and notifying her of her husband's death, plaintiff told Sheriff Atkins she thought the family would take her property from the home and requested he remove them. Sheriff Atkins returned to the home to find the home locked, dark and unoccupied. The Sheriff's department investigated plaintiff's later complaint the family had taken property from the home, submitted the case to the Andrew County prosecutor, and no criminal charges were

2

filed. Plaintiff then sued her former in-laws for conversion and obtained a default judgment for money damages. Plaintiff then filed this suit against Sheriff Atkins and Andrew County.

**Argument**

Summary Judgment is mandated for the following reasons:

1. Sheriff Atkins is entitled to judgment on Count I of the FAC, alleging negligence, because all actions alleged in this case were discretionary and in his capacity as the Andrew County Sheriff (see FAC, paragraph 3). Thus, Sheriff Atkins has Official Immunity from these claims of negligence. *Southers v. City of Farmington,* 263 S.W.3d 603, 610 (Mo. banc 2008); *Davis v. Lambert–St. Louis Intern. Airport,* 193 S.W.3d 760, 763, 765 (Mo. banc 2006)); *Harris v. Presson*, 445 S.W.3d 127, 129 (Mo. App. E.D. 2014); *Conway v. St. Louis County*, 254 S.W.3d 159, 164 (Mo. App. E.D. 2008).

2. Sheriff Atkins is entitled to judgment on Count II of the FAC alleging trespass because he did not trespass as a matter of law. Sheriff Atkins was authorized to enter Steven Gabriel's home by family members who reported the death, were already in the home when he arrived, and had keys to the home. *Grossman v. St. John*, 323 S.W.3d 831, 834 (Mo. Ct. App. W.D. 2010). In addition, Sheriff Atkins has Official Immunity to claims of trespass. *Coates v. Powell*, 650 F. Supp. 2d 932, 943 (W.D. Mo. 2009); *Westport Cmty. Secondary Sch., Inc. v. Sch. Dist. of Kansas City, Missouri*, No. 05-0414-CV-W-ODS, 2006 WL 8438197, at *3 (W.D. Mo. Feb. 9, 2006); *Foremost Ins. Co. v. Pub. Serv. Comm'n of Missouri*, 985 S.W.2d 793, 797 (Mo. Ct. App. 1998)).

3. Sheriff Atkins is entitled to judgment on Count II of the FAC alleging conversion because plaintiff admits Sheriff Atkins took no property from the home and thus, aside from official immunity, plaintiff cannot establish the *prima facie* elements of state law conversion. *Dean Machinery Co. v. Union Bank*, 106 S.W.3d 510, 522 -523 (Mo. App. W.D. 2003).

4. Sheriff Atkins is entitled to judgment on Count III of the FAC alleging he conducted an unreasonable search and seizure under the 4th Amendment. There was no 4th amendment violation as a matter of law because he entered the home at the request and with consent of family members who had at the very least apparent authority. *Schneckloth v. Bustamonte,* 412 U.S. 218, 222 (1973); *United States v. Matlock,* 415 U.S. 164, 170 (1974); *United States v. Almeida-Perez*, 549 F.3d 1162, 1169–70 (8th Cir. 2008); *State v. Hicks*, 722 S.W.2d 650 (Mo. Ct. App. 1987).

In addition, Sheriff Atkins was responding to the report of the death of Steven Gabriel as a Community Caretaker or giving Emergency Aid, and not as a criminal matter and thus the 4th Amendment is not implicated, nor violated. *Mincey v. Arizona,* 437 U.S. 385, 392–93 (1978); *United States v. Brandwein*, 796 F.3d 980, 984 (8th Cir. (Mo.) 2015); *Burke v. Sullivan*, 677 F.3d 367, 371 (8th Cir. (Mo.) 2012); *United States v. Quezada,* 448 F.3d 1005, 1007 (8th Cir. 2006); *Samuelson v. City of New Ulm*, 455 F.3d 871, 877 (8th Cir. 2006)).

Finally, Sheriff Atkins actions were undisputedly discretionary in nature and in good faith under the circumstances, and there is no competent factual evidence of a violation of a clearly established constitutional right. Aside from there being no violation of constitutional rights in the first place, Sheriff Atkins is protected by Qualified Immunity. *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1244 -1245 (U.S. 2012); *Fischer v. Hoven*, 925 F.3d 986, 988 (8th Cir. 2019); *K.W.P. v. Kansas City Pub. Sch.*, 931 F.3d 813, 828 (8th Cir. 2019); *Young v. Mercer Cty. Comm'n*, 849 F.3d 728, 735 (8th Cir. 2017).

5. Andrew County, Missouri is entitled to judgment on Count IV of the FAC alleging *respondeat superior* liability for the actions of Sheriff Atkins. Sheriff Atkins violated no constitutional right of plaintiff, and therefore the County is not liable either. *City of Los Angeles v.*

*Heller*, 475 U.S. 796, 799 (U.S. 1986); *Aipperspach v. McInerney*, 766 F.3d 803, 808 (8th Cir. 2014); *Cole v. Bone*, 993 F.2d 1328, 1334 (8th Cir. (Mo.) 1993).

There is no *respondeat superior* liability for Andrew County under 42 U.S.C. § 1983. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, (1989); *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-691 (1978); *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. (Mo.) 2013); *Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 389 (8th Cir.2007).

Plaintiff has not adduced any evidence, because it does not exist, of any unconstitutional policy, custom or practice by Andrew County. Plaintiff has also failed to meet the heavy burden to provide any evidence the County acted with deliberate indifference to plaintiff's rights or failed to train or supervise Sheriff Atkins after receiving notice of a pattern of constitutional violations. Again, no such evidence and no prior constitutional violations exist. *Bd. of Cnty. Com'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 405-7 (1997); *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. (Mo.) 2013); *Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 389 (8th Cir.2007).

WHEREFORE, Defendants, Andrew County, Missouri and Sheriff Bryan Atkins respectfully pray the Court grant their Motion for Summary Judgment and that the Plaintiff's First Amended Complaint be dismissed in its entirety; judgment be entered in favor of these Defendants, at Plaintiff's costs; for their attorney's fees as prevailing parties; and for any such other relief as the Court deems necessary in the premises.

Respectfully submitted,

**BATY OTTO CORONADO PC**

/s/ Christopher L. Heigele

| | |
|---|---|
| Steven F. Coronado | MBN 36392 |
| Christopher L. Heigele | MBN 45733 |

4600 Madison Avenue, Suite 210
Kansas City, MO 64112
Telephone: (816) 531-7200
Facsimile: (816) 531-7201
scoronado@batyotto.com
cheigele@batyotto.com
ATTORNEYS FOR DEFENDANT

# CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document was filed electronically with the Court on November 13, 2019, causing a service copy to be served electronically to the following:

Benjamin S. Creedy #56371
Murphy, Taylor, Siemens & Elliott, P.C.
3007 Frederick Avenue
St. Joseph, MO 64506
Telephone: (816_ 364-6677
Fax: (816) 364-9677
Bencreedy@mtselaw.com

ATTORNEYS FOR PLAINTIFFS

/s/ Christopher L. Heigele
ATTORNEY FOR DEFENDANTS